Hearing: Sentencing *SEALED*    Date: 5/13/2024

Case Caption: Marcus Davis    Case Number: 3:23-cr-107

Defts. Attorney: Art Mullins    Pltfs Attorney: Amy Smith, Elizabeth McCormick

Probation Officer: Benjamin White

__X__ Defendant appeared with Counsel in person.

__X__ Counsel and Defendant, and Counsel for the Government have reviewed the PSI.

__X__ No current objection to the PSI.

__X__ Dismissal of Count _5_

__X__ Defendant remanded to the custody of the Attorney General/Bureau of Prisons of the United States for: _360_ Months on Count: _1_; consecutive to

_360_ Months on Count: _2_; consecutive to

_240_ Months on Count: _3_; consecutive to

_240_ Months on Count: _4_

Total: 1,200 Months incarceration.

__X__ Defendant remanded to custody of the U.S. Marshal

__X__ **LIFETIME** of Supervised Release on Counts 1, 2, 3, 4, to be served **concurrently.**

Recommendations to the Bureau of Prisons**:**

__X__ Defendant placed in BOP Facility as close as possible to: Dayton, Ohio

__X__ Defendant shall participate in Vocational Services Training

__X__ Defendant shall participate in mental health treatment.

__X__ Defendant shall participate in the Bureau of Prison's Sex Offender Treatment Program – Residential (SOTP-R)

Conditions of supervised release:

__X__ Follow the rules and regulations of the Probation Department

__X__ Defendant to report to supervising agency within 72 hours of release from institution.

__X__ Defendant must not commit any crimes, either federal, state, or local.

__X__ Defendant must not own, possess, or traffic in any firearm or dangerous weapon.

__X__ Defendant must not possess, use, or traffic in any controlled substance.

__X__ The Defendant must submit to one drug test within fifteen days of release from

   prison and at least <u>two</u> periodic tests thereafter, as determined by the Probation Officer.

  <u> X </u>The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

  <u> X </u> Defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

<u>Special Conditions:</u>

1. The defendant shall participate in a sexual offender treatment program, to include a sex offender risk assessment, psycho-sexual evaluation and/or other evaluations needed. The defendant shall follow the rules and regulations of the sex offender treatment program as approved by the probation office. The defendant shall sign all necessary authorization forms to release confidential information so that treatment providers, the probation officer, polygraph examiner, and others (as necessary) are allowed to communicate openly about the defendant's course of treatment, and progress in treatment. The defendant shall make a co-payment for sex offender treatment services not to exceed $25 per month, which is determined by the probation officer's assessment of the defendant's ability to pay.

2. The defendant shall be subject to periodic polygraph examinations at the discretion and direction of the probation officer as means to ensure that the defendant is in compliance with the requirements of his or her supervision or treatment. The polygraph testing will be at the defendant's expense, based on the probation officer's assessment of the defendant's ability to pay.

3. The defendant's residence and employment shall be pre-approved by the probation officer, and must be in compliance with state and local law.

4. The defendant shall not view or possess material, images, videos, or computer files containing sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A) and (B).

5. The defendant shall have no contact with any minors. The term contact extends to all forms of communication such as email, telephone, text, letter, and any other form of electronic communication. This provision does not encompass persons under age 18 such as ticket vendors,

cashiers, or waiters with whom the defendant must deal in order to obtain normal commercial services. The defendant shall be prohibited from loitering where minors congregate, such as, but not limited to, playgrounds, arcades, amusement parks, recreation parks, sports events involving minors, shopping malls, and public swimming pools.

6. The defendant shall submit to the installation of software, and to monitor computer activities on any computer the defendant is authorized to use at the defendant's expense. The software will record any and all activities on the defendant's computer. The software will be checked on a periodic basis. The defendant has no expectations of privacy regarding computer use or information stored on the computer and shall make other users of said computer aware of the monitoring software. The defendant understands that any information gathered by said software may be used against the defendant in subsequent court actions regarding the defendant's computer use and the conditions of supervision. Furthermore, the defendant shall comply with the rules set forth in the Computer and Internet Monitoring Agreement and the Computer and Internet Acceptable Use Agreement as adopted by the Southern District of Ohio.

7. In consideration of 18 U.S.C. § 3583(d)(3), the defendant shall submit and/or surrender any media device, to which they have access and/or control, to a search based on reasonable suspicion of contraband or evidence of a violation of a condition of supervision. A media device is defined as, but not limited to, any device which is capable of accessing the internet, storing images, text, or other forms of electronic communication.

8. The defendant shall participate in a program of testing, treatment and/or medication compliance for alcohol and controlled substance abuse, as directed by the U.S. Probation Office, until such time as the defendant is released from the program by the probation office. The defendant will make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

9. The defendant shall participate in a program of mental health assessment and/or counseling, as directed by the United States Probation Office, until such time as the defendant is released from such program by the probation office. The defendant will make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

10. The defendant shall participate in a vocational services program as directed by the probation officer. Such program may include on-the-job training, job readiness training, and skills development training.

11. The defendant shall comply with any court orders to include court-ordered child support.

Other:

  X        Fined $ 0   on Counts  1, 2, 3, 4    .
  X        Defendant shall pay $  100.00    Special Assessment/Victims Crime Fund
  X        Special Assessment to be paid immediately.
  X        Restitution will be ordered; jurisdiction retained for 90 days after sentencing.
  X        Defendant hereby agrees to forfeiture:

a) USB Accessories (Memory Card with USB Accessory);

b) LG Phone (Model: LGL22C, S/N: 504CQHE0253241);

c) Beikell USB Drive;

d) Two (2) SIM Cards;

e) iPod Touch (Apple, S/N: 1C849AYX201, 8GB);

f) Red Android Phone (UMIDIGI);

g) Blue Samsung Phone (Model: SM-S102DL, S/N: 357855104779240);

h) Gameboy with Accessories (Gameboy Advance, S/N: Au105393267);

i) Xbox One Console (Model 1540, S/N: 072655345148);

j) Black PlayStation 4 (Model: CUH-1001A, S/N: MB084871169);

k) Black Xbox Console (S/N: 621822743905);

l) PlayStation Processing Unit with Cords (Model: CUH-ZVR2, S/N: MF543227933);

m) Alien Computer Desktop (Model: D23M, S/N: CG95H63);

n) Four (4) USB Flash Drives ((2) 4 GB, 8 GB, 64 GB);

o) SD Card (2 GB, CSGB16A);

p) Netgear Wi-Fi Box Ethernet (Model: N 300 Wireless Router, S/N: 2JM10CA9308);

q) Kingston Micro-SD Card (8 GB);

r) Black Samsung Tablet (Model: SM-T378V, S/N: 52087092344614);

s) Amazon Tablet (Model: P8AT8Z);

t) Canon Printer (Model: F174900, S/N: NNTA103392);

u) Nintendo Switch with Charging Cord (Model: HAC-001, S/N: XAW10013210037);

v) Nintendo Base and Docking Station;

w) USB Flash Drive (SanDisk Cruzer, 8 GB);

x) White Xbox Series S (S/N: 60214517);

y) Avolusion External Storage Device (Model: HDDGU3-PRO5X-WH; S/N: AVQ2109003997);

z) Red USB Drive (DT101 G2, 8 GB);

aa) Three (3) LG Phones ((1) Model: LGL22C, S/N: 504CQHE025324, (2) Model: LGL39C, S/N: 401CYUK0285958, (3) Mode; GS390GO, S/N: 008KPPB160256);

bb) Two (2) Samsung Phones ((1) Model: SM-J3LSMJ327A, S/N: R28J516JPKE, (2) Model: SM-G360AZ, S/N: R28G81SQPLF);

cc) Two (2) iPod Touch ((1) 32 GB, S/N: 1B10149PC6K2, (2) 8 GB, S/N: 8L9446CC75);

dd) Two (2) USB Drives (1 Red, 1 Blue);

ee) Gameboy with Case and Cartridge (Model: AGB-001, S/N: AU645918340);

ff) Three (3) PlayStation Memory Cards (1 Green, 1 Blue, 1 Black);

gg) Black Xbox 360 with Cord and Controller (Model: 1439, S/N: 004269713709);

hh) Black PlayStation3 with (2) Controllers (Barcode Reading "WC53HQ204");

ii) Dell Laptop (Model: Inspiron P75F, S/N: 94TXWS2);

jj) Bamboo Tablet (Model: CTH-460, S/N: 9JAP048434);

kk) Lacie IP Link;

ll) Seagate Portable Drive (Model: SRD0NF1, S/N: NACAP2YV);

mm) External ODD and HDD Device;

nn) TP-Link Wi-Fi System (Model: Deco W2400, S/N: Y20BQ12B00525);

oo) White PlayStation 5 with Cords (Model: CFI-1015A, S/N: AJ157168851);

pp) USB Dongle (Stealth 600P Gen 2TX);

qq) Seagate Desktop Drive (Model: SRD0NF2, S/N: NAABPTCC9);

rr) HP Laptop with Charger (Model 15-an044nr, S/N: 5CD5437TZN); and

ss) Samsung Phone (Model: Galaxy S20, S/N: 352620113004492).

  X    Defendant's rights of appeal explained and understood.

  X    Neither Counsel for the Defendant nor for the Government had any procedural or substantive objections to this Court's sentence.

COURT REPORTER:  Julie Hohenstein          CONVENED: 2:00 p.m.  / Recess: 3:21 p.m.

DEPUTY CLERK:    Claire McDowell