AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of Ohio ▾

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Marcus Leon Davis | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>)<br>) Case Number: 3:23-cr-107<br>)<br>) USM Number: 83917-510<br>)<br>) Arthur Mullins<br>) Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)  1, 2, 3, 4

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) & (e) | Production of Child Pornography | 10/24/2023 | 1 |
| 18 U.S.C. § 2251(a) & (e) | Production of Child Pornography | 10/24/2023 | 2 |
| 18 U.S.C. § 2252(a)(2) - | Distribution of Child Pornography | 10/24/2023 | 3 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  5  ☑ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/13/2024
Date of Imposition of Judgment

s/ *Michael J. Newman*
Signature of Judge

Michael J. Newman, U.S. District Judge
Name and Title of Judge

6/7/2024
Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 1A

Judgment—Page  2  of  9

DEFENDANT:  Marcus Leon Davis
CASE NUMBER:  3:23-cr-107

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| and (b)(1) | | | |
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Distribution of Child Pornography | 10/24/2023 | 4 |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___3___ of ___9___

DEFENDANT: Marcus Leon Davis
CASE NUMBER: 3:23-cr-107

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

360 Months on Count: 1
360 Months on Count:2
240 Months on Count: 3
240 Months on Count: 4

All all counts are to run consecutive for an aggregate term of imprisonment of 1,200 months

☑ The court makes the following recommendations to the Bureau of Prisons:
Defendant shall  participate in the Bureau of Prison's Sex Offender Treatment Program – Residential (SOTP-R); Defendant shall participate in mental health treatment; Defendant shall participate in a vocational services program; and be imprisoned as close to Huber Heights, Ohio as possible because his family lives in Huber Heights and to facilitate family visits.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3 — Supervised Release

Judgment—Page __4__ of __9__

DEFENDANT:   Marcus Leon Davis
CASE NUMBER:   3:23-cr-107

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Count 1 - LIFE
Count 2 - LIFE
Count 3 - LIFE
Count 4 - LIFE

All counts to run concurrent.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

Judgment—Page   5   of   9

DEFENDANT: Marcus Leon Davis
CASE NUMBER: 3:23-cr-107

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____     Date _____

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page  6  of  9

DEFENDANT: Marcus Leon Davis
CASE NUMBER: 3:23-cr-107

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a sexual offender treatment program, to include a sex offender risk assessment, psycho-sexual evaluation and/or other evaluations needed. Thedefendant shall follow the rules and regulations of the sex offender treatment program as approved by the probation office. The defendant shall sign all necessary authorization forms to release confidential information so that treatment providers, the probation officer,polygraph examiner, and others (as necessary) are allowed to communicate openly about the defendant's course of treatment, and progress in treatment. The defendant shall make a co-payment for sex offender treatment services not to exceed $25 per month, which is determined by the probation officer's assessment of the defendant's ability to pay.

2. The defendant shall be subject to periodic polygraph examinations at the discretion and direction of the probation officer as means to ensure that the defendant is in compliance with the requirements of his or her supervision or treatment. The polygraph testing will be at the defendant's expense, based on the probation officer's assessment of the defendant's ability to pay.

3. The defendant's residence and employment shall be pre-approved by the probation officer, and must be in compliance with state and local law.

4. The defendant shall not view or possess material, images, videos, or computer files containing sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A) and (B).

5. The defendant shall have no contact with any minors. The term contact extends to all forms of communication such as email, telephone, text, letter, and any other form of electronic communication. This provision does not encompass persons under age 18 such as ticket vendors, cashiers, or waiters with whom the defendant must deal in order to obtain normal commercial services. The defendant shall be prohibited from loitering where minors congregate, such as, but not limited to, playgrounds, arcades, amusement parks, recreation parks, sports events involving minors, shopping malls, and public swimming pools.

6. The defendant shall submit to the installation of software, and to monitor computer activities on any computer the defendant is authorized to use at the defendant's expense. The software will record any and all activities on the defendant's computer. The software will be checked on a periodic basis. The defendant has no expectations of privacy regarding computer use or information stored on the computer and shall make other users of said computer aware of the monitoring software. The defendant understands that any information gathered by said software may be used against the defendant in subsequent court actions regarding the defendant's computer use and the conditions of supervision. Furthermore, the defendant shall comply with the rules set forth in the Computer and Internet Monitoring Agreement and the Computer and Internet Acceptable Use Agreement as adopted by the Southern District of Ohio.

7. In consideration of 18 U.S.C. § 3583(d)(3), the defendant shall submit and/or surrender any media device, to which they have access and/or control, to a search based on reasonable suspicion of contraband or evidence of a violation of a condition of supervision. A media device is defined as, but not limited to, any device which is capable of accessing the internet, storing images, text, or other forms of electronic communication.

8. The defendant shall participate in a program of testing, treatment and/or medication compliance for alcohol and controlled substance abuse, as directed by the U.S. Probation Office, until such time as the defendant is released from the program by the probation office. The defendant will make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

9. The defendant shall participate in a program of mental health assessment and/or counseling, as directed by the United States Probation Office, until such time as the defendant is released from such program by the probation office. The defendant will make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

10. The defendant shall participate in a vocational services program as directed by the probation officer. Such program may include on-the-job training, job readiness training, and skills development training.

11. The defendant shall comply with any court orders to include court-ordered child support.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___7___ of ___9___

DEFENDANT: Marcus Leon Davis
CASE NUMBER: 3:23-cr-107

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 400.00 | $ | $ 0.00 | $ 0.00 | $ 0.00 |

☑ The determination of restitution is deferred until __8/9/2024__. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

　　☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __9__

DEFENDANT: Marcus Leon Davis
CASE NUMBER: 3:23-cr-107

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑ Lump sum payment of $ __400.00__   due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

  a) USB Accessories (Memory Card with USB Accessory);
  b) LG Phone (Model: LGL22C, S/N: 504CQHE0253241);

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page __9__ of __9__

DEFENDANT: Marcus Leon Davis
CASE NUMBER: 3:23-cr-107

## ADDITIONAL FORFEITED PROPERTY

c) Beikell USB Drive;

d) Two (2) SIM Cards;

e) iPod Touch (Apple, S/N: 1C849AYX201, 8GB);

f) Red Android Phone (UMIDIGI);

g) Blue Samsung Phone (Model: SM-S102DL, S/N: 357855104779240);

h) Gameboy with Accessories (Gameboy Advance, S/N: Au105393267);

i) Xbox One Console (Model 1540, S/N: 072655345148);

j) Black PlayStation 4 (Model: CUH-1001A, S/N: MB084871169);

k) Black Xbox Console (S/N: 621822743905);

l) PlayStation Processing Unit with Cords (Model: CUH-ZVR2, S/N: MF543227933);

m) Alien Computer Desktop (Model: D23M, S/N: CG95H63);

n) Four (4) USB Flash Drives ((2) 4 GB, 8 GB, 64 GB);

o) SD Card (2 GB, CSGB16A);

p) Netgear Wi-Fi Box Ethernet (Model: N 300 Wireless Router, S/N: 2JM10CA9308);

q) Kingston Micro-SD Card (8 GB);

r) Black Samsung Tablet (Model: SM-T378V, S/N: 52087092344614);

s) Amazon Tablet (Model: P8AT8Z);

t) Canon Printer (Model: F174900, S/N: NNTA103392);

u) Nintendo Switch with Charging Cord (Model: HAC-001, S/N: XAW10013210037);

v) Nintendo Base and Docking Station;

w) USB Flash Drive (SanDisk Cruzer, 8 GB);

x) White Xbox Series S (S/N: 60214517);

y) Avolusion External Storage Device (Model: HDDGU3-PRO5X-WH; S/N: AVQ2109003997);

z) Red USB Drive (DT101 G2, 8 GB);

aa) Three (3) LG Phones ((1) Model: LG55C, S.N: 112KPBF0295461, , (2) Model: LGL39C, S/N: 401CYUK0285958, (3) Model; GS390GO, S/N: 008KPPB160256);

bb) Two (2) Samsung Phones ((1) Model: SM-J3LSMJ327A, S/N: R28J516JPKE, (2) Model: SM-G360AZ, S/N: R28G81SQPLF);

cc) Two (2) iPod Touch ((1) 32 GB, S/N: 1B10149PC6K2, (2) 8 GB, S/N: 8L9446CC75);

dd) Two (2) USB Drives (1 Red, 1 Blue);

ee) Gameboy with Case and Cartridge (Model: AGB-001, S/N: AU645918340);

ff) Three (3) PlayStation Memory Cards (1 Green, 1 Blue, 1 Black);

gg) Black Xbox 360 with Cord and Controller (Model: 1439, S/N: 004269713709);

hh) Black PlayStation3 with (2) Controllers (Barcode Reading "WC53HQ204");

ii) Dell Laptop (Model: Inspiron P75F, S/N: 94TXWS2);

jj) Bamboo Tablet (Model: CTH-460, S/N: 9JAP048434);

kk) Lacie IP Link;

ll) Seagate Portable Drive (Model: SRD0NF1, S/N: NACAP2YV);

mm) External ODD and HDD Device;

nn) TP-Link Wi-Fi System (Model: Deco W2400, S/N: Y20BQ12B00525);

oo) White PlayStation 5 with Cords (Model: CFI-1015A, S/N: AJ157168851);

pp) USB Dongle (Stealth 600P Gen 2TX);

qq) Seagate Desktop Drive (Model: SRD0NF2, S/N: NAABPTCC9);

rr) HP Laptop with Charger (Model 15-an044nr, S/N: 5CD5437TZN); and

ss) Samsung Phone (Model: Galaxy S20, S/N: 352620113004492).